1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          CENTRAL DISTRICT OF CALIFORNIA
10
11   WILLIAM KING,                    )      NO. CV 14-2789-TJH (AGR)
12              Petitioner,           )
13         v.                         )
14   JOHN SCOTT,                       )      OPINION AND ORDER ON
                                      )      PETITION FOR WRIT OF
15              Respondent.           )      HABEAS CORPUS
16                                    )
17   _____)

18         On April 11, 2014, Petitioner, a civil detainee pursuant to California's

19   Sexually Violent Predator Act ("SVPA"), filed a Petition for Writ of Habeas Corpus

20   by a Person in State Custody pursuant to 28 U.S.C. § 2254.

21                                    **I.**

22                       **PROCEDURAL BACKGROUND**

23         Pursuant to Fed. R. Evid. 201, this court takes judicial notice of the records

24   in two prior actions brought by Petitioner in this district.  The first is *King v. County*

25   *of Los Angeles*, Case No. CV 10-6592-TJH (AGR) ("*King I*"), a civil rights case.

26         In *King I*, a Report was issued on December 4, 2013, recommending

27   granting Defendants' motion for summary judgment, denying Petitioner's motion

28   for summary judgment, and dismissing the complaint with prejudice.  *Id.*, Dkt. No.

1  137.  Briefly, Petitioner alleged due process claims related to his detention in the

2  Los Angeles County jail and a claim for inadequate medical care.  (*Id.* at 2.)  On

3  January 10, 2014, the Court accepted the findings and recommendation of the

4  Report and entered judgment on January 13.  (Dkt. Nos. 142-43.)  On March 11,

5  2014, the Ninth Circuit dismissed Petitioner's appeal for lack of jurisdiction.  (Dkt.

6  No. 147.)

7       The second case is *King v. Baca*, Case No. CV 14-73-TJH (AGR) ("*King

8  II*"), a habeas case.  In *King II*, the Court summarily dismissed the petition based

9  on abstention on January 31, 2014.  *Id.*, Dkt. Nos. 3-4.  On March 17, 2014, the

10  Ninth Circuit denied Petitioner's request for a certificate of appealability.  *Id.*, Dkt.

11  No. 8.

12  **II.**

13  **DISCUSSION**

14       The petition was filed after enactment of the Antiterrorism and Effective

15  Death Penalty Act of 1996 ("AEDPA").  Therefore, the Court applies the AEDPA

16  in reviewing the petition.  *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059,

17  138 L. Ed. 2d 481 (1997).

18       Rule 4 of the Rules Governing Section 2254 Cases in the United States

19  Courts provides that "[i]f it plainly appears from the face of the petition and any

20  attached exhibits that the petitioner is not entitled to relief in the district court, the

21  judge must dismiss the petition and direct the clerk to notify the petitioner."  Here,

22  summary dismissal is warranted.

23       Petitioner does not challenge his underlying conviction in 1984.  (Petition at

24  2.)  He acknowledges his SVPA proceeding in the Superior Court is "in [the] pre-

25  trial stage."  (*Id.*)  In Ground One, Petitioner alleges that the Ghilotti review

26

27

28

2

1   violated his due process rights.  (*Id.* at 5.)[1]  In Ground Two, Petitioner alleges that

2   the Superior Court lost subject matter jurisdiction when "both prosecution

3   evaluators filed negative evaluation reports."  In Ground Three, he alleges the

4   Superior Court lost subject matter jurisdiction when it "admitted information not

5   found on face of reports challenged via the Ghilotti review." (*Id.* at 6.)  In Ground

6   Four, Petitioner alleges that the Superior Court lost subject matter jurisdiction

7   when the "second panel of prosecution evaluators filed conflicting reports." (*Id.*)

8        With limited exceptions, a federal district court should not interfere with

9   ongoing state proceedings.  *See Younger v. Harris*, 401 U.S. 37, 44-45, 91 S. Ct.

10  746, 27 L. Ed. 2d 669 (1971).  Abstention is required if the proceedings are

11  ongoing, implicate important state interests, and afford an adequate opportunity

12  to raise federal questions.  *Middlesex County Ethics Comm'n v. Garden State Bar*

13  *Ass'n*, 457 U.S. 423, 432, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982).  *Younger*

14  applies to civil proceedings under the SVPA.  *See Quackenbush v. Allstate Ins.*

15  *Co.*, 517 U.S. 706, 718, 116 S. Ct. 1712, 135 L. Ed. 2d 1 (1996) ("the authority of

16  a federal court to abstain from exercising its jurisdiction extends to all cases in

17  which the court has discretion to grant or deny relief"); *see also Hill v. Colorado*,

18  530 U.S. 703, 715, 120 S. Ct. 2480, 147 L. Ed. 2d 597 (2000) ("It is a traditional

19  exercise of the States' police power to protect the health and safety of their

20  citizens.") (citation and quotation marks omitted); *Middlesex*, 457 U.S. at 432

21  ("[t]he importance of the state interest may be demonstrated by the fact that the

22  noncriminal proceedings bear a close relationship to proceedings criminal in

23

24

25        [1] "The SVPA codifies a process involving several administrative and
26  judicial stages to determine whether a convicted sex offender meets the
    requirements for civil commitment." *Seeboth v. Mayberg*, 2012 WL 2571191, *5-
27  6 (E.D. Cal. July 2, 2012) (citing *People v. Superior Court (Ghilotti)*, 27 Cal. 4th
    888 (2002)).  Part of that process includes reviews pursuant to *Ghilotti.  Seeboth*,
28  2012 WL 2571191 at *6; *see also Reilly v. Superior Court*, 57 Cal. 4th 641, 647
    (2013).

1 nature"); *Miller v. Cate*, 2011 WL 4457666, *4 (E.D. Cal. 2011) (applying *Younger*
2 abstention to an ongoing SVP proceeding and collecting cases).

3     In the petition, all three of *Younger*'s requirements have been met.  The
4 proceedings are ongoing, implicate California's important interests to adjudicate
5 the SVPA, and afford Petitioner an adequate opportunity to raise federal
6 questions.  No exception to *Younger* applies.[2]  *See Kindred v. Superior Court,*
7 *County of Orange*, 2013 WL 1127902 (C.D. Cal. Jan. 30, 2013) (summarily
8 dismissing a habeas petition of an SVP based on abstention because the SVPA
9 proceedings are ongoing), *adopted by* 2013 WL 1147153 (C.D. Cal. Mar. 19,
10 2013).

11 **III.**
12 **ORDER**

13     IT IS HEREBY ORDERED that Judgment be entered summarily dismissing
14 the petition without prejudice based on abstention.

16 DATED:   April 23, 2014

18         TERRY J. HATTER, JR.
        United States District Judge

20 [2]  Petitioner must show he would suffer "irreparable harm" that is both
21 "great and immediate" if the federal court declines jurisdiction, that there is bad
faith or harassment on the part of California in prosecuting him, or that the state
22 tribunal is biased against the federal claim.  *See Middlesex*, 457 U.S. at 437;
*Kugler v. Helfant*, 421 U.S. 117, 124-25, 95 S. Ct. 1524, 44 L. Ed. 2d 15 (1975);
*Younger*, 401 U.S. at 46.
23     Petitioner's argument and citations that there is an exception to *Younger*
24 based on the collateral order doctrine are without merit.  (Petition, Memorandum
at 5-8.)  "[T]he collateral order doctrine . . . permits interlocutory review of an
25 order that conclusively determine[s] the disputed question, resolve[s] an
important issue completely separate from the merits of the action, and [is]
26 effectively unreviewable on appeal from a final judgment."  *Burlington Northern &*
*Santa Fe Ry. Co. v. Vaughn*, 509 F.3d 1085, 1089-90 (9th Cir. 2007) (citation and
27 quotation marks omitted).  The federal doctrine applies within one federal
jurisdiction, i.e., an interlocutory appeal from a district court to a federal court of
28 appeals, not an interlocutory appeal of a state court order to a federal district
court.

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28